25 C.C.P.A. (Patents)

## In re CASSIDY.
### Patent Appeal No. 4065.

Court of Customs and Patent Appeals.
June 6, 1938.

George A. Smith, of Philadelphia, Pa., for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

JACKSON, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office affirming a decision of the Primary Examiner which rejected all of the claims, 2 to 18, inclusive, 22, and 23, of an application for a patent on "a fluorescent petroleum lubricating oil."

Claims 2 and 23 are illustrative. They read:

"2. A fluorescent petroleum lubricating oil comprising petroleum hydrocarbons containing a small proportion of a dimethyl coeroxene derivative."

"23. A fluorescent petroleum lubricating oil comprising hydrocarbons containing an organic color compound of the coeroxene class which is soluble in, and adapted to impart fluorescence to, the petroleum hydrocarbons, said compound being present in the proportion of 30 grams to from 38,000 to 7,600,000 cc. of petroleum hydrocarbons."

The appealed claims relate to petroleum lubricating oil which, when viewed in reflected light, displays a color property called "fluorescence."

The following patents and publication are cited as prior art:

Hanna et al., 1,566,000, December 15, 1925.

Rial et al., 1,708,592, April 9, 1929.

Black et al., 1,839,012, December 29, 1931.

Miller, 1,869,608, August 2, 1932.

Page 89 of Vol. 17 of Beilstein.

Both tribunals below held that invention is not involved in adding the coeroxene compound to lubricating oil in view of the references.

The Hanna et al. patent discloses a lubricating oil possessing a green fluorescence which comprises lubricating oil to which is added oil from the residuum of a cracking process.

The patent to Rial et al. shows a green fluorescence in lubricating oil obtained by adding coal-tar pitch to the oil.

The patent to Black et al. discloses the imparting of green fluorescence to lubricating oil by adding to it high boiling point distillates of coal-tar, water gas tar, or residuums of the same.

The patent to Miller shows the imparting of fluorescence to lubricating oil by adding thereto colored bodies washed from fuller's earth which has been used as a filter in refining oils.

Page 89 of Volume 17 of Beilstein is a translation from the German language and deals with coeroxene ($C_{20}H_{12}O$) and discloses that the compound is "Insoluble in water, difficultly soluble in boiling ethyl alcohol and methyl alcohol, soluble in glacial acetic acid, slightly soluble in chloroform, benzene, ligroin (D., F.), very easily soluble in ether (R.M.S.). All solutions fluorescent strongly yellowish-green."

In the decision of the board, the issue appears to be clearly summarized as follows:

"It is pointed out in the specification that it is desirable in some cases to have a fluorescent characteristic in certain lubricating oils and also preferably a greenish shade. The prior art discloses that petroleum lubricating oils have been treated by incorporating in them substances giving these results. The situation presented is that the prior art on one hand, discloses petroleum lubricating oils thus modified by certain reagents generally some residual product from petroleum refining having the green tint and fluorescence in high degree. Such reagent may also be secured from coal tar and other products of the coke and gas industries. On the other hand, it is shown that the particular type of chemical compound selected by applicant for this purpose and defined in each claim is known in the general organic chemistry art as being a substance of yellowish green color and exhibiting fluorescence."

It is quite evident from the disclosures of the patent references that it is old to impart a green fluorescence to lubricating oil by the addition of organic compounds, so that the only question before us is whether or not, in view of the prior art, it involves invention to use a coeroxene compound in producing the property of green fluorescence when added to lubricating oil. The examiner stated that—

"The various specific coeroxene compounds claimed as imparting fluorescence to the petroleum hydrocarbons are individually old in Beilstein."

Apparently that statement is correct. The work of Beilstein, as cited, shows that coeroxene compounds have fluorescent properties and are soluble in hydrocarbons, not only in benzene, which is of the coaltar family, but also in ligroin which is a distillate of petroleum.

It seems to us that since the Beilstein reference shows that the compounds of coeroxene possess a strongly yellowish-green fluorescent property, and are soluble in hydrocarbons, it would not involve invention for one skilled in the art of oil chemistry to substitute for the fluorescing elements of the patent references a known coeroxene compound to accomplish the same desired result in petroleum lubricating oil. It would seem to be a most natural thing for an oil chemist to make this substitution if he so desired.

The case of In re Weitzel et al., 39 F.2d 669, 17 C.C.P.A., Patents, 1079, cited by the solicitor, appears to be apt in this connection. In that case we quoted with approval the language of the Board of Appeals, as follows (page 672):

"And, where there is no real reason to suppose that the result would not be produced there is no invention in trying it and finding out that the process is successful."

Appellant contends that the fluorescent property of coeroxene compounds does not appear in the index to the work of Beilstein, and that the indexed word or formula would give appellant no indication that it might be a satisfactory substance for his use. This contention is without merit, because the fact is that Beilstein definitely shows the said property in his work, and it is an effective disclosure whether or not it is set forth in the index.

Exhibits of the product produced in accordance with a formula disclosed in the work of Beilstein and that produced by the disclosure of appellant were submitted by appellant, together with supporting affidavits. The product of the former is dark brown in color, and that of appellant a much lighter brown. They are both labeled "6.12 Dimethyl Coeroxenol Acetate." According to their labels they are the same substance. They are both soluble in benzene as the exhibits show. They both produce a green fluorescence in lubricating oil, although the oil to which appellant's coeroxenol is added appears to be greener than that to which is added the coeroxenol of Beilstein. In any event they each impart to lubricating oil a greenish fluorescence and we cannot see that the

brighter green of the one indicates invention over the fainter green of the other.

It may be quite true, as said by appellant, that in the patent references the material added to the lubricating oil may have objectionable properties and that his disclosure shows a true dye from which those properties are absent. However, there is no invention claimed in any of the appealed claims of a method of preparing coeroxene compounds so as to avoid the objectionable features aforesaid, so that their absence in appellant's disclosure must be considered an incidental result as held by the board.

The prior art appears to disclose that by the addition of certain compounds to lubricating oils a greenish fluorescence is imparted when it is desired to obtain such a color, and, in our opinion, it does not require invention to substitute for any of the said compounds previously used a different compound which was known to the prior art for the purpose of imparting a yellowish-green fluorescence.

This case involves intricate and highly technical chemical questions, and since it does not appear that the concurring decisions of the tribunals below are manifestly wrong they will not be disturbed. In re Weitzel et al., supra.

The decision of the Board of Appeals is affirmed.